**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MENICHIELLO, individually and on behalf of all others similarly situated, | ) Case No. |
| | ) |
| | ) **CLASS ACTION** |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF:** |
| vs. | ) |
| | ) 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| COLDWELL BANKER REAL ESTATE LLC, MALAKAI SPARKS GROUP, and DOES 1 through 10, inclusive, and each of them, | ) 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| Defendants. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| | ) |

Plaintiff, ANTHONY MENICHIELLO ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of COLDWELL BANKER REAL ESTATE LLC and MALAKAI SPARKS GROUP ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, despite Plaintiff being registered with the National Do Not Call Registry, in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant COLDWELL BANKER REAL ESTATE LLC, a company based in New Jersey. Plaintiff also seeks $500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United  States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Orange County.

## PARTIES

4.     Plaintiff, ANTHONY MENICHIELLO ("Plaintiff"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

1       5.     Defendant, COLDWELL BANKER REAL ESTATE LLC

2 ("Defendant" or "Coldwell"), is a nationwide real estate brokerage franchise

3 specializing in representing buyers and sellers in real estate transactions and is a

4 "person" as defined by *47 U.S.C. § 153 (39)*.

5       6.     Defendant, MALAKAI SPARKS GROUP ("Defendant" or "Malakai

6 "), is a real estate brokerage group representing buyers and sellers in real estate

7 transactions operating within Defendant Conwell's company, and is a "person" as

8 defined by *47 U.S.C. § 153 (39)*.

9       7.     The above named Defendants, and their subsidiaries and agents, are

10 collectively referred to as "Defendants."  The true names and capacities of the

11 Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are

12 currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

13 names.  Each of the Defendants designated herein as a DOE is legally responsible

14 for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend

15 the Complaint to reflect the true names and capacities of the DOE Defendants

16 when such identities become known.

17      8.     Plaintiff is informed and believes that at all relevant times, each and

18 every Defendant was acting as an agent and/or employee of each of the other

19 Defendants and was acting within the course and scope of said agency and/or

20 employment with the full knowledge and consent of each of the other Defendants.

21 Plaintiff is informed and believe that each of the acts and/or omissions

22 complained of herein was made known to, and ratified by, each of the other

23 Defendants.

24                       **FACTUAL ALLEGATIONS**

25      9.     Beginning in or around January of 2016, Defendant Malakai

26 contacted Plaintiff on his cellular phone, (714) 227-7270, in an effort to sell or

27 solicit its services.

28      10.    Specifically, Defendant Malakai placed telephone calls to Plaintiff's

1  cellphone utilizing an automatic telephone dialing system stating, among other
2  things, that "the Malakai Sparks Group is the number one top producing group at
3  Coldwell Banker Campbell Realtors", and inviting Plaintiff to contact Defendant
4  Malakai Sparks at (714) 406-0206 or (714) 340-5481 if Plaintiff was interested in
5  selling his property and obtaining Defendant Malakai's real estate services.

6       11.    Since January of 2016, Defendant Malakai has placed no less than
7  two (2) such telephone calls to Plaintiff's cellphone.

8       12.    Plaintiff is not a customer of Defendant Malakai services, have never
9  provided any personal information, including his cellphone number, to Defendant
10  for any purpose whatsoever, nor has Plaintiff purchased or used any goods or
11  services offered by Defendant Malakai at any time prior to the filing of the instant
12  Complaint.

13       13.    Furthermore, Plaintiff has had his home telephone number of (714)
14  227-7270 continuously registered with the National Do Not Call Registry since
15  December 1, 2004.

16       14.    Plaintiff is informed, believes and thereon alleges that Defendant
17  Malakai was acting as an agent and/or employee of Defendant Coldwell and was
18  acting within the course and scope of said agency and/or employment with the
19  full knowledge and consent of Defendant Coldwell. As such, Plaintiff is informed
20  and believes that each of the acts and/or omissions complained of herein by
21  Defendant Malakai was made known to, and ratified by, Defendant Coldwell.
22  Thus, Defendant Coldwell is liable for all actions described above.

23       15.    All calls placed by Defendant Malakai to Plaintiff utilized an
24  "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*.

25       16.    Defendants' calls constituted calls that were not for emergency
26  purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

27       17.    Defendants' calls were placed to telephone number assigned to a
28  cellular telephone service for which Plaintiff incurs a charge for incoming calls

1  pursuant to *47 U.S.C. § 227(b)(1)*.

2  18.  Defendants never received Plaintiff's "prior express consent" to

3  receive calls using an automatic telephone dialing system or an artificial or

4  prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

5  **CLASS ALLEGATIONS**

6  19.  Plaintiff brings this action on behalf of himself and all others

7  similarly situated, as a member of the proposed class (hereafter "The Class")

8  defined as follows:

9

10      a.  All persons within the United States who, within
the four years prior to the filing of this Complaint,

11  received any sales or solicitation telephone calls from
Defendants to said person's telephone who had

12  registered said telephone with the National Do Not Call

13  Registry and who had not maintained a business
relationship with Defendants within eighteen (18)

14  months of receiving Defendants' calls.

15

16      b.  All persons within the United States who
received any solicitation/telemarketing telephone calls

17  from Defendant to said person's cellular telephone

18  made through the use of any automatic telephone
dialing system or an artificial or prerecorded voice and

19  such person had not previously consented to receiving

20  such calls within the four years prior to the filing of this

21  Complaint.

22

23  20.  Plaintiff represents, and is a member of, The Class, consisting of All

24  persons within the United States who, within the four years prior to the filing of

25  this Complaint, received any sales or solicitation telephone calls from Defendants

26  to said person's telephone who had registered said telephone with the National

27  Do Not Call Registry and who had not maintained a business relationship with

28  Defendants within eighteen (18) months of receiving Defendants' calls, and all

1   persons within the United States who received any solicitation/telemarketing

2   telephone calls from Defendant to said person's cellular telephone made through

3   the use of any automatic telephone dialing system or an artificial or prerecorded

4   voice and such person had not previously consented to receiving such calls

5   within the four years prior to the filing of this Complaint.

6      21. Defendants, their employees and agents are excluded from The

7   Class.  Plaintiff does not know the number of members in The Class, but believes

8   the Class members number in the thousands, if not more.  Thus, this matter

9   should be certified as a Class Action to assist in the expeditious litigation of the

10   matter.

11      22. The Class is so numerous that the individual joinder of all of its

12   members is impractical.  While the exact number and identities of The Class

13   members are unknown to Plaintiff at this time and can only be ascertained

14   through appropriate discovery, Plaintiff is informed and believes and thereon

15   alleges that The Class includes thousands of members.  Plaintiff alleges that The

16   Class members may be ascertained by the records maintained by Defendants.

17      23. Plaintiff and members of The Class were harmed by the acts of

18   Defendants in at least the following ways: Defendants illegally contacted Plaintiff

19   and Class members via their personal telephones despite Plaintiff and The Class

20   invoking their rights afforded by the National Do Not Call Registry to be free of

21   unwanted telemarketing calls, thus invading the privacy of said Plaintiff and

22   Class members. Furthermore, Defendant illegally contacted Plaintiff and Class

23   members via their cellular telephones thereby causing Plaintiff and Class

24   members to incur certain charges or reduced telephone time for which Plaintiff

25   and Class members had previously paid by having to retrieve or administer

26   messages left by Defendant during those illegal calls, and invading the privacy of

27   said Plaintiff and Class members.

28      24. Common questions of fact and law exist as to all members of The

Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendants made any sales or solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member who had registered his or her telephone on the Do Not Call Registry and who did not have a business relationship with Defendants within eighteen (18) months prior to receiving said calls;

b. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

d. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

d. Whether Defendants should be enjoined from engaging in such conduct in the future.

25. As a person that received sales/solicitation calls from Defendants on a telephone number registered with the Do Not Call Registry and who had no previous business relationship with Defendants, Plaintiff is asserting claims that are typical of The Class. Further, as a person that received numerous

telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

26.    Plaintiff will fairly and adequately protect the interests of the members of The Class.   Plaintiff has retained attorneys experienced in the prosecution of class actions under the Telephone Consumer Protection Act.

27.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

29.    Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

///

///

# **FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

30.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

32.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

33.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

34.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

36.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

37.     Plaintiff and the Class members are also entitled to and seek

injective relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## **FIRST CAUSE OF ACTION**

## **Negligent Violations of the Telephone Consumer Protection Act**

## **47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## **SECOND CAUSE OF ACTION**

## **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

## **47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.


Respectfully Submitted this 8th Day of April, 2016.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
By:  /s/ Todd M. Friedman
        Todd M. Friedman
        Law Offices of Todd M. Friedman
        Attorney for Plaintiff